HOLLAND & KNIGHT LLP
Ashley Shively (SBN 264912)
Jacqueline Harvey (SBN 322165)
560 Mission Street, 19th Floor
San Francisco, CA 94105
T 415.743.6900 | F 415.743.6951
E-mail: ashley.shively@hklaw.com
       jacqueline.harvey@hklaw.com

*Attorneys for Defendant*
*Rite Aid Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, and JANE DOE IV on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. 3:23-cv-1495<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>[State Complaint Case No. 23cv027782]<br><br>[28 U.S.C. §§ 1332, 1441, 1446, and 1453] |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Rite Aid Corporation, a Delaware Corporation ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

In support of this removal, Defendant states the following:

**I.     PLEADINGS, PROCESS, AND ORDERS**

1. On February 14, 2023, Plaintiffs filed an unverified complaint in the Superior Court of the State of California, for the County of Alameda, entitled Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV on behalf of themselves and all others similarly situated, against Rite Aid Corporation, a Delaware Corporation, inclusive, Case No. 23cv027782 (the "Compl." or "Complaint"). The Complaint alleges eight causes of action on behalf of a California class: (1) Invasion of Privacy - Intrusion into Private Matters; (2) Invasion of Privacy and Violation of California Constitution, Art. 1, § 1; (3) Violation of Confidentiality of Medical Information Act ("CMIA"), California Civil Code § 56.101; (4) Violation of CMIA, California Civil Code § 56.10; (5) Violation of California Invasion of Privacy Act ("CIPA"), Penal Code §§ 630, *et seq*; (6) Breach of Contract; (7) Breach of Implied Contract (in the alternative); and (8) Violation of Business & Professions Code §§ 17200 *et seq.* ("UCL").

2. Plaintiffs served Defendant's agent for service of process with the Complaint and supporting papers on February 27, 2023.

3. On March 28, 2023, Plaintiffs filed and served their First Amended Complaint ("FAC"). The FAC is substantially the same, but notably adds the following: (i) new named plaintiff (Jane Doe IV); (ii) a claim for Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*; and (iii) alleges a Nationwide Class.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

4. True and correct copies of the Complaint, the FAC, and all accompanying documents are attached hereto as **Exhibit A**. Exhibit A constitutes all the pleadings, process, and orders served upon or by Defendant in the Superior Court case.

## II. REMOVAL IS TIMELY

5. This Notice of Removal is filed timely, pursuant to 28 U.S.C. section 1446(b), because it is being filed within thirty (30) days after Defendant was served with the initial complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. DIVERSITY JURISDICTION EXISTS

### A. The Court has Original Subject Matter Jurisdiction Under CAFA

6. This lawsuit is a civil action within the meaning of the Acts of Congress regarding removal of class actions. *See* 28 U.S.C. § 1453.

7. This action is brought by putative representative persons on behalf of a proposed class of more than 1 million individuals. Compl. ¶ 107; FAC ¶ 115. As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

8. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382. Compl. ¶ 104; FAC ¶ 114. Diversity of citizenship exists between one or more members of the putative class and Defendant, and, accepting only for the purposes of this removal Plaintiffs' allegations, the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.1.

### B. Diversity of Citizenship Exists

9. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Here, Plaintiffs are <u>all</u> citizens of California. Compl. ¶¶ 11-13; FAC ¶¶ 12-14.

Defendant is a citizen of Pennsylvania and Delaware, respectively, as Plaintiffs allege in the Complaint. Compl. ¶ 14; FAC ¶ 16. Thus, minimal diversity exists as Defendant is diverse from the putative class representatives.

### i. Plaintiffs Are Citizens of California

10. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss* 797 F.2d 747, 750 (9th Cir. 1986). Plaintiffs each allege they were residents of California at all relevant times. Compl. ¶¶ 11-13; FAC ¶¶ 12-14. There is no indication that Plaintiffs are or have been a citizen of some other state. Thus, Plaintiffs are deemed California citizens.

### ii. Defendant is Not a Citizen of California

11. For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Defendant is now and, at the time this action was filed on February 14, 2022, a corporation organized and existing under and by virtue of the laws of the State of Delaware. Declaration of Susan Lowell ("Lowell Decl."), ¶ 2. At all times relevant to this lawsuit, Defendant has had its corporate headquarters and principal place of business in Pennsylvania. *Id*. ¶ 3. Defendant's Pennsylvania headquarters is and, at all times relevant, has been the place where the majority of Defendant's corporate books and records are located and where the majority of its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) are performed. *Id*. In addition, Defendant's corporate activities are and, at all times relevant, have been directed, controlled, and coordinated from Pennsylvania. *Id. See generally Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (the "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities… in practice it should normally be the place where the corporation

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings . . .").

13. At all relevant times, Defendant has <u>not been</u> incorporated in California and has not had its headquarters, executive offices, or officers based in California. Lowell Decl., ¶ 4.

14. Defendant is not now and was not at the time of the filing of the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal requirements. Defendant is now and has been since this action commenced, a citizen of Pennsylvania. 28 U.S.C. § 1332(c)(1).

### C.  Class Size

15. CAFA's requirement that proposed class membership be no less than 100 individuals under 28 U.S.C. §1332(d)(5) is satisfied because the putative class is alleged to have "more than one million" members. Compl. ¶ 107; FAC ¶ 115.

16. Furthermore, Plaintiffs seek to represent each natural person who used Defendant's website to make a vaccination appointment and whose information was allegedly disclosed or transmitted to Meta or any other third party. Compl. ¶ 104; FAC ¶ 112. Defendant, for purposes of removal only, accepts that the class is in excess of one million members.

### D.  The Amount in Controversy is Met

17. Although Defendant denies that Plaintiffs' claims have any merit and disputes that Plaintiffs and absent putative class members are entitled to any of the sums sought in the Complaint, Defendant avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' allegations put in controversy an amount in excess $5 million, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

(9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotation marks and citations omitted). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

19. To determine whether the amount in controversy requirement is satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc*., 471 F. App'x 646, 648 (9th Cir. 2012) (internal quotations omitted) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo RalphLauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

20. Here, Plaintiffs seek actual, nominal, statutory, and punitive damages, disgorgement of profits, attorneys' fees, and injunctive relief on behalf of themselves and the putative classes. Compl. ¶¶ 15-20; FAC ¶¶18-23. For the purposes of meeting the jurisdictional requirements for removal only, multiplying just a statutory damages award by the one million members of the putative class places in controversy an amount in excess of $5 million. If Plaintiffs were to prevail on every claim and allegation in their Complaint on behalf of the putative classes, the requested monetary recovery would clearly exceed $5 million.

21. Plaintiffs seek statutory damages of $5,000 per violation on their claim for violations of the CIPA, Penal Code §§ 630 *et seq*. Compl. ¶¶ 17, 159, 202; FAC ¶¶ 20, 193, 237. Accepting

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Plaintiffs' allegation that the putative class is one million or more persons, potential damages on just this single claim would be $5 *billion* ($5,000 x 1,000,000 persons).

22. Plaintiffs also seek nominal damages of $1,000 pursuant to Civil Code § 56.36(b)(1) for each alleged violation of CMIA, Civil Code § 56.101 (third cause of action) and Civil Code § 56.10 (fourth cause of action). Compl. ¶¶ 143, 150, 200, 201; FAC ¶¶ 151, 158, 234, 235. Accepting Plaintiffs' allegation that the putative class is one million or more persons, potential damages on *each* CMIA claim would be $1 *billion* ($1,000 x 1,000,000 persons).

23. Even if the putative class was 1/1000th the size that Plaintiffs allege, i.e., 1,001 persons, potential damages on the CIPA claim alone would exceed $5,000,000, and would exceed $7,000,000 with the CMIA § 56.101 and CMIA § 56.10 claims.

24. Plaintiffs likewise seek "reasonable attorneys' fees and costs of litigation." Compl. ¶¶ 143, 150, 200, 201; FAC ¶¶ 19, 151, 158, 184, 234-36, Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the recovery. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1308-09 (9th Cir. 1990); *Mendoza v. Nat'l Vision, Inc.*, No. 19-cv-01485-SK, 2019 WL 2929745, at *6 (N.D. Cal. July 8, 2019).

25. Defendant further denies that any attorneys' fees are owed to Plaintiffs or the putative class and reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis only, Defendant relies on Plaintiffs' allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, and assuming a class of just 1,001 persons (against Plaintiffs' allegation of "more than one million"), Plaintiffs' request for "reasonable attorneys' fees and costs" places at least an additional $1.75 million in controversy with their CIPA and CMIA claims (7,000,000 * 0.25).

26. Defendant reserves the right to show that Plaintiffs' other claims and damage theories also place more than $5 million in controversy, should Plaintiffs challenge this removal requirement in a motion to remand.

27. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy

exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.") (quoting *Dart Cherokee*, 574 U.S. at 89); *Arias*, 936 F.3d at 922 ("[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions."); *see also Lewis*, 627 F.3d at 401 ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

## IV. CONCLUSION

28. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);
   b. this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);
   c. the amount in controversy exceeds $5 million, exclusive of interest and cost as required by § 1332(d)(2); and
   d. members of the putative class are citizens of a state different from Defendant as required by § 1332(d)(2)(A).

29. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

30. The United States District Court for the Northern District of California, Oakland Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed the case, in the Superior Court of California, County of Alameda. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

31. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant are attached are attached hereto and filed concurrently herewith. Upon filing the Notice of Removal, Defendant will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Alameda County, pursuant to 28 U.S.C. § 1446(d).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

- 8 -   Case No. 3:23-cv-1495
Notice of Removal
#205028461_v1

32. WHEREFORE, Defendant hereby removes to the Court, the above action pending against it in the Superior Court of California, Alameda County.

Dated: March 29, 2023   HOLLAND & KNIGHT LLP

*s/ Ashley Shively*
Ashley L. Shively
Jacqueline N. Harvey
560 Mission Street, 19th Floor
San Francisco, CA  94105
T 415.743.6900 | F 415.743.6951
E-mail: ashley.shively@hklaw.com
              jacqueline.harvey@hklaw.com

*Attorneys for Defendant*
*Rite Aid Corporation*