HOLLAND & KNIGHT LLP
Ashley Shively (SBN 264912)
Jacqueline Harvey (SBN 322165)
560 Mission Street, 19th Floor
San Francisco, CA 94105
T 415.743.6900 | F 415.743.6951
E-mail: ashley.shively@hklaw.com
          jacqueline.harvey@hklaw.com

*Attorneys for Defendant*
*Rite Aid Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, and JANE DOE IV on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION, a Delaware Corporation,<br><br>                    Defendant. | Case No. 3:23-cv-01495-JSC<br><br>**RITE AID CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Proposed] Order submitted concurrently*<br><br>Date: June 15, 2023<br>Time: 10:00 a.m.<br>Dept: 8<br>Judge: Hon. Jacqueline Scott Corley |

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.745.6900

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 15, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in Department 8 of the Northern District Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Rite Aid Corporation ("Rite Aid") will, and hereby does, move this Court to dismiss each of Plaintiffs' putative class action claims. This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that Plaintiffs fail to state a claim against Rite Aid upon which relief can be granted.

This Motion is made on the grounds that the Complaint falls short of the pleading requirements of Fed. R. Civ. P. 8(a), as articulated in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the Complaint should be dismissed for failure to state a claim.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and Proposed Order, the pleadings, papers and records in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  April 26, 2023

HOLLAND & KNIGHT LLP


_____
    *s/ Ashley Shively*
Ashley L. Shively
Jacqueline N. Harvey
560 Mission Street, 19th Floor
San Francisco, CA  94105
T 415.743.6900 | F 415.743.6951
E-mail: ashley.shively@hklaw.com
          jacqueline.harvey@hklaw.com

*Attorneys for Defendant*
*Rite Aid Corporation*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

## **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION. ........................................................................................................ 11

II.  PROCEDURAL POSTURE. .................................................................................... 12

III.  BACKGROUND. ......................................................................................................... 12

    A.  Defendant Rite Aid's Vaccine Scheduler. ................................................... 12

    B.  Plaintiffs' Discovery of the Meta Pixel. ...................................................... 13

IV.  LEGAL STANDARD. ................................................................................................ 14

V.  ARGUMENT ................................................................................................................ 14

    A.  Plaintiffs Cannot State a Claim for Violation of the Federal Wiretap Act Because Rite Aid Was a Party to the Communications (Sixth Claim). ..................... 14

    B.  Plaintiffs' CIPA Claim Must Be Dismissed (Fifth Claim). ............................ 15

        1.  Plaintiffs cannot state a claim against Rite Aid for direct liability. ............... 16

        2.  Plaintiffs fail to plead facts sufficient to show that Rite Aid aided and abetted Meta's alleged wrongdoing .................................................................. 16

            a.  Plaintiffs do not adequately plead that Meta committed wrongdoing to give rise to Rite Aid's liability for aiding and abetting under § 631(a). ...................................................... 16

            b.  Plaintiffs fail to plead Rite Aid had the requisite mens rea to aid and abet. ............................................................................ 17

        3.  Jane Doe I and II's CIPA Claims are barred by the statute of limitations. .... 19

    C.  Plaintiffs' Contradictory Claims About "Interception" Cannot Be Reconciled With Their Claim Communications Were "Disclosed."............................................ 19

    D.  The Court Should Dismiss Plaintiffs' Claims Under Cal. Civ. Code §§ 56.101 and 56.10 (Third and Fourth Claims). ................................................................. 21

    E.  Plaintiffs' Invasion of Privacy Claims Should Be Dismissed (First and Second Claims)............................................................................................................ 23

        1.  Plaintiffs fail to show an invasion upon a reasonable privacy expectation.... 24

        2.  Plaintiffs fail to show that the invasion was highly offensive. ...................... 25

        3.  Plaintiffs consented to Rite Aid's "intrusion." .............................................. 26

    F.  Plaintiffs' Breach of Express Contract (Seventh Claim) And Breach of Implied Contract (Eighth Claim) Claims Should Be Dismissed. ............................... 26

    G.  Plaintiffs Do Not Allege Facts to Support Their Claim for Violation of Business & Professions Code §§ 17200 et seq. (Ninth Claim). ............................... 29

        1.  Plaintiffs do not have standing to bring their UCL claim because they were not harmed as a result of Rite Aid's "misrepresentations." .................. 29

        2.  Rite Aid did not act fraudulently. .................................................................. 31

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss

Case No. 3:23-cv-01495-JSC

3.      Rite Aid did not act unlawfully..........................................................31

4.      Rite Aid did not act unfairly. ...........................................................32

VI.      CONCLUSION..............................................................................................................32

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion                    Case No. 3:23-cv-01495-JSC
and Motion to Dismiss

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Actimmune Mktg. Litig.*,
No. C 08-02376 MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009), *aff'd,* 464 F.
App'x 651 (9th Cir. 2011) ............................................................................................... 31, 32

*Alder v. Community.com, Inc.*,
No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) .......................... 21

*Aleksick v. 7-Eleven, Inc.*,
140 Cal. Rptr. 3d 796 (2012) ........................................................................................... 32

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................... 14, 18

*Backhaut v. Apple, Inc.*,
74 F. Supp. 3d 1033 (N.D. Cal. 2014) ............................................................................ 32

*Baugh v. CBS, Inc.*,
828 F. Supp. 745 (N.D. Cal. 1993) ................................................................................. 26

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................ 14

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
238 F. Supp. 3d 1359 (S.D. Fla. 2017) ........................................................................... 28

*California SCJLW One Corp. v. Leamy*,
25 Cal. App. 5th 1155 (2018) ......................................................................................... 27

*Castillo v. Seagate Tech.*,
LLC, No. 16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016) ................... 27

*Cody v. Boscov's Inc.*,
No. 8:22-cv-01434-SSS-KK, 2023 WL 2338302 (C.D. Cal. Mar. 2, 2023) ................... 16

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal. App. 4th 247 (2010) ......................................................................................... 32

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) ....................................................................................... 29

*Eisenhower Med. Ctr. v. Super. Ct.*,
226 Cal. App. 4th 430 (2014) ......................................................................................... 22

*In re Facebook Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ........................................................................... 28

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss

Case No. 3:23-cv-01495-JSC

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) ........................................................................................ 23, 27

*Folgelstrom v. Lamps Plus, Inc.*,
    195 Cal. App. 4th 986 (2011) ............................................................................................. 26

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal.4th 797 (Cal. 2005) .................................................................................................. 19

*In re Google Location Hist. Litig.*,
    428 F. Supp. 3d 185,198 (N.D. Cal. 2019) ....................................................................... 24

*In re Google, Inc. Privacy Pol'y Litig.*,
    58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................................ 25

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................ 16, 17

*Guzman v. Bridgepoint Edu., Inc.*,
    No. 11cv69WQH (WVG), 2011 WL 4964970 (S.D. Cal. Oct. 19, 2011) ............................ 27

*Hameed-Bolden v. Forever 21 Retail, Inc.*,
    No. CV 18-03019-SJO-JPR, 2018 WL 6802818 (C.D. Cal. Oct. 1, 2018)........................... 28

*Hernandez v. Hillsides, Inc.*,
    47 Cal. 4th 272 (Cal. 2009) ................................................................................... 23, 24, 25

*Herskowitz v. Apple, Inc.*,
    940 F. Supp. 2d 1131 (N.D. Cal. 2013) ............................................................................ 32

*In re iPhone Application Litig.*,
    6 F. Supp. 3d 1004 (N.D. Cal. 2013) ................................................................................ 29

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................................................ 25

*J.R. v. Walgreens Boots All., Inc.*,
    No. 2:19-CV-00446-DCN, 2020 WL 3620025 (D.S.C. July 2, 2020) .................................... 28

*Kane v. Chobani, Inc.*,
    No. 12–cv-02425, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ....................................... 30

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002)............................................................................................... 19

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) (*en banc*)........................................................................... 14

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012)..................................................................25, 26, 28

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss

Case No. 3:23-cv-01495-JSC

*In re Lynette G.*,
    54 Cal. App. 3d 1087 (1976) ................................................................................................. 18

*In re Macbook Keyboard Litigation*,
    No 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ..................................... 31

*Maloney v. Scottsdale Ins. Co.*,
    256 F. App'x 29 (9th Cir. 2007) ............................................................................................ 19

*In re Maple*,
    434 B.R. 363 (E.D. Va. 2010) ............................................................................................... 28

*Martin v. Sephora USA, Inc.*,
    1:22-cv-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ........................ 15, 17

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) ............................................................................ 15, 20

*McKell v. Wash. Mut., Inc.*,
    142 Cal. App. 4th 1457 (2006) .............................................................................................. 32

*In re Meta Pixel Healthcare Litigation*,
    -- F. Supp. 3d --, 2022 WL 1786218 (N.D. Cal. Dec. 22, 2022) ...................................... 14, 15

*Montalti v. Catanzariti*,
    191 Cal. App. 3d 96 (1987) ................................................................................................... 19

*Penermon v. Wells Fargo Bank, N.A.*,
    47 F. Supp. 3d 982 (N.D. Cal. 2014) ..................................................................................... 31

*People of State of Cal. v. Coast Federal Sav. & Loan Ass'n*,
    98 F. Supp. 311 (S.D. Cal. 1951) .......................................................................................... 30

*People v. Beeman*,
    35 Cal.3d 547 (1984) ............................................................................................................. 18

*People v. Laster*,
    52 Cal. App. 4th 1450 (1997) ................................................................................................ 18

*People v. McCoy*,
    25 Cal.4th 1111 (2001) .......................................................................................................... 18

*People v. Pacheco*,
    76 Cal. App. 5th 118 (2022) .................................................................................................. 17

*People v. Perez*,
    35 Cal. 4th 1219 (2005) ......................................................................................................... 17

*People v. Vaughn*,
    77 Cal. App. 5th 609 (2022) .................................................................................................. 18

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss

Case No. 3:23-cv-01495-JSC

*Regents of Univ. of California v. Super. Ct*.,
   220 Cal. App. 4th 549 (2013), *as modified on denial of reh'g* (Nov. 13, 2013) ...................... 20

*Revitch v. New Moosejaw, LLC*,
   No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ...................................... 24

*Rodriguez v. Google LLC*,
   No. 20-cv-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........................................ 24

*Rogers v. Ulrich*,
   52 Cal. App. 3d 894 (1975) ................................................................................................. 16

*Rose v. County of San Benito*,
   77 Cal. App. 5th 688 (2022) ................................................................................................. 27

*Ruiz v. Gap, Inc*.,
   540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010)
   (unpublished).......................................................................................................................... 26

*Ruiz v. Gap, Inc.*,
   622 F. Supp. 2d 908 (N.D. Cal. 2009), *aff'd,* 380 F. App'x 689 (9th Cir. 2010) ................... 29

*Sanchez v. Nurture, Inc.*,
   No. 5:21-CV-08566-EJD, 2022 WL 4097337 (N.D. Cal. Sept. 7, 2022), reh'g
   denied (Sept. 27, 2022)................................................................................................... 29, 31

*Schulz v. Neovi*,
   152 Cal. App. 4th 86 (2007) ................................................................................................. 17

*Smith v. Facebook, Inc.*,
   262 F. Supp. 3d 943 (N.D. Cal. 2017) .................................................................................. 18

*Smith v. Facebook, Inc.*,
   745 F. App'x 8 (9th Cir. 2018) .............................................................................................. 24

*Sonner v. Premier Nutrition Corp*.,
   971 F.3d 834 (9th Cir. 2020)................................................................................................. 31

*Stanford Health Care v. Blue Cross Blue Shield of N.C., Inc*.,
   No. 21-cv-04598-BLF, 2022 WL 195847 (N.D. Cal. Jan. 21, 2022) ...................................... 28

*Sutter Health v. Super. Ct.*,
   227 Cal. App. 4th 1546 (2014)......................................................................................... 20, 21

*Svenson v. Google, Inc.*,
   No. Case No. 13–cv–04080–BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) .................. 31

*TBG Ins. Servs. Corp. v. Super. Ct.*,
   96 Cal. App. 4th 443 (2002)................................................................................................... 24

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss

Case No. 3:23-cv-01495-JSC

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

*Thornton v. Statcare, PLLC*,
    988 So.2d 387 (Miss. App. 2008) ........................................................................... 28

*In re Tobacco II Cases*,
    46 Cal.4th 298 (Cal. 2009) ................................................................................... 29

*Vigil v. Muir Med. Grp. IPA, Inc.*,
    84 Cal. App. 5th 197 (2022), *rev. denied* (Jan. 25, 2023) ....................................... 23

*In re Vizio, Inc., Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ........................................................... 20, 23

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979) ................................................................................... 16

*Williams v. What If Holdings, LLC*,
    No. C 22-03780-WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ................................. 16

*Wilson v. Rater8, LLC*,
    No. 20-CV-1515-DMS-LL, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021) ............................. 22

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ..................................................................... 24

*Young v. Facebook, Inc.*,
    790 F. Supp. 2d 1110 (N.D. Cal. 2011) ................................................................. 28

*Yunker v. Pandora Media, Inc.*,
    No. 11-cv-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ........................... 27, 28

**Statutes**

18 U.S.C. § 2511 ........................................................................................................ 19

18 U.S.C. § 2511(2)(d) ............................................................................................... 14

42 U.S.C. § 300gg-13 ................................................................................................. 30

Cal. Bus. & Prof. Code § 17200 ................................................................................. 29

Cal. Bus. & Prof. Code § 17204 ................................................................................. 29

Cal. Civ. Code § 56.05(j) ........................................................................................... 22

Cal. Civ. Code § 56.10 ......................................................................................... 20, 21

Cal. Civ. Code § 56.101 ............................................................................................. 21

Cal. Civ. Code § 56.101(a) ........................................................................................ 20

Cal. Civ. Code § 1550 ................................................................................................ 27

Rite Aid Corporation's Notice of Motion                    Case No. 3:23-cv-01495-JSC
and Motion to Dismiss

Cal. Code Civ. Proc. § 340(a) ................................................................................... 19

Cal. Penal Code § 1 .................................................................................................. 17

Cal. Penal Code § 31 ................................................................................................ 17

Cal. Penal Code § 631 ............................................................................ 15, 16, 18, 19, 20

CMIA § 56.10, (v) .................................................................................................... 13

CMIA § 56.101, (iv) ................................................................................................. 13

Confidential Information Privacy Act § 631(a), (vii) ........................................... 13

Penal Code § 637.2(a) .............................................................................................. 17

**Other Authorities**

CACI No. 3610............................................................................................................ 17

Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/hcp/acip-
     recs/index.html#print (last visited Apr. 26, 2023) ........................................ 30

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 14

Fed. R. Civ. P. 8(e)(2) .............................................................................................. 19

Fed. R. Civ. P. 9(b) ................................................................................................... 32

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 11, 14

Fed. R. Evid. 201(b) ................................................................................................. 30

Restatement (Second) of Torts § 652B ................................................................... 23

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss                                        Case No. 3:23-cv-01495-JSC

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

## I.    INTRODUCTION.

Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III, and Jane Doe IV (collectively "Plaintiffs") bring this action challenging Rite Aid's use of the Meta Pixel on its public facing website, which Rite Aid reportedly used to create customized advertisements to its own customers. Plaintiffs allege that Rite Aid's use of the Meta Pixel constitutes "wiretapping" of its own website, "disclosing" Plaintiffs' medical information to Meta, or otherwise negligently maintaining the information allowing Meta access to it. On these facts, Plaintiffs claim Rite Aid violated federal and state statutes, common law and constitutional invasion of privacy, breach of express and implied contracts, and violated California unfair competition law ("UCL"). The Complaint fails on its face and should be dismissed under Rule 12(b)(6).

This is one of hundreds of similar complaints filed recently against Meta, or the health care entities, e-commerce retailers, financial institutions and other website owners that use the Meta Pixel, for alleged privacy violations. This particular copycat complaint contains scarcely *a single fact* about Plaintiffs' own experiences on the Rite Aid website to support Plaintiffs' claims. For instance, Plaintiffs do not state whether they answered any of Rite Aid's questions that form the basis of their claims. They do not even allege they are Facebook users, as would be necessary in order for any information to be "identifiable" to Meta. Plaintiffs also do not allege they received a single advertisement from Rite Aid or Meta/Facebook, much less that such an ad was based on confidential medical information they told Rite Aid. The lack of facts in support of any of Plaintiffs' claims is deafening.

The Court should dismiss the complaint for failure to state a claim because Plaintiffs fail to allege facts sufficient to satisfy key elements of each of their nine claims for relief:

- The Federal Wiretap Act and California Invasion of Privacy Act ("CIPA") claims fail because Rite Aid was a party to Plaintiffs' communications. Plaintiffs also do not plead facts to show Meta's violation of CIPA or any "interception.

- Even if Plaintiffs could allege an "interception," that fact would be fatal to their Confidential Medical Information Act ("CMIA") claims, which require "disclosure" after the communication is received. Plaintiffs' contradictory allegations as to whether

- 11 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

communications were intercepted or disclosed are judicial admissions and cannot be cured by amendment. Plaintiffs' CMIA claims also fail because Plaintiffs do not pled facts sufficient to show that their medical information was actually transmitted to Meta.

- The claims for invasion of privacy under the California Constitution and common law similarly fail because Plaintiffs do not pled facts sufficient to show that their medical information was actually transmitted to Meta.

- The breach of contract and implied contract claims fail because Plaintiffs do not establish the existence of any enforceable contract with Rite Aid, and Plaintiffs fail to plausibly allege any injury recoverable under a contract theory.

- The UCL claim fails because Plaintiffs lack standing and have not pled facts sufficient to state a claim under any prong of the statute.

Because Plaintiffs' complaint is completely devoid of facts or otherwise contains facts that derail their claims, the Court should grant Rite Aid's motion to dismiss each of Plaintiffs' claims.

## II.    PROCEDURAL POSTURE.

On February 14, 2023, Plaintiffs filed their complaint in the Superior Court of California, County of Alameda. *See* Dkt. 1. On March 28, 2023, Plaintiffs filed a first amended complaint ("FAC"). *Id.* On March 29, 2023, Rite Aid timely removed the case from in Superior Court to the Federal District Court for the Northern District Court of California. *Id.* On April 4, 2023, the parties stipulated to extend Rite Aid's time to respond to the FAC until April 26, 2023. Dkt. 9.

## III.    BACKGROUND.

### A.    Defendant Rite Aid's Vaccine Scheduler.

Through Rite Aid's website, "its customers can, among other things, learn about [Rite Aid's] services, find Rite Aid stores, fill their prescriptions, book various medical tests, [and] schedule a number of different vaccinations." FAC ¶ 2. Plaintiffs allege that between March 2021 and October 2022, they each visited Rite Aid's website and booked a vaccination appointment. FAC ¶¶ 103-106. Plaintiffs go to great lengths to avoid pleading their own experiences in using the website, instead alleging what absent class members "would" and "could" have seen based, apparently, on counsel's review of the website prior to filing the complaint. In that vein, Plaintiffs allege "a [putative] [c]lass

[m]ember would" click on the "Schedule Vaccinations" button on the website homepage and "would be taken" to a page titled "Schedule an Appointment." *Id.* ¶ 27. Putative class members then "would be required" to enter their zip code, birthday, and the type of vaccination they wanted, along with contact details, and other identifiers. *Id.* ¶¶ 27, 29, 30. Putative class members were next prompted to answer questions about their "Vaccine history" and "Health information," by selecting "yes," "no," and "don't know" to a series of questions. *Id.* ¶¶ 31-32.

On the final page, Plaintiffs allege that putative "[c]lass [m]ember[s] would have to enter an electronic signature to confirm the appointment." *Id.* ¶ 34. On that same page, Plaintiffs allege that class members received links to Rite Aid's Notice of Privacy Practices for Protected Health Information, and similar notices for California state agencies. *Id.* ¶ 34.

Although Plaintiffs dance around the elephant in the room—whether they in fact followed this process—Plaintiffs conclude that "Plaintiffs and other Class Members were required by Defendant's website to enter confidential, private, and sensitive personal and health information into the website." *Id.* ¶36. Plaintiffs allege they would not have provided any information to Rite Aid, or paid less for COVID vaccinations, had they known scheduling information could be shared with Meta. *Id.* ¶ 225. But Plaintiffs fail to allege that they relied on any statements from Rite Aid at the time they made their vaccination appointment.

**B.      Plaintiffs' Discovery of the Meta Pixel.**

Plaintiffs allege that when they "communicated to" Rite Aid through the website, those communications were "intercepted by and/or disclosed to at least one unauthorized third party: Meta." FAC ¶ 43. Plaintiffs do not state any facts supporting this belief. Plaintiffs do not allege they have a Facebook account. And despite saying that companies can use the Meta Pixel to send targeted advertisements to their customers (*Id.* ¶ 52), there are no facts alleging Plaintiffs received ads from Rite Aid. They also do not allege when or how they "discovered" the Meta Pixel on the website.

Based on these facts, Plaintiffs assert nine claims for relief in the FAC on behalf of a nationwide class and California subclass for (i) common law invasion of privacy, (ii) California Constitutional invasion of privacy, (iii) violation of CMIA § 56.101, (iv) violation of CMIA § 56.10, (v) violation of the Federal Wiretap Act, (vi) violation of the Confidential Information Privacy Act

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

- 13 -

Rite Aid Corporation's Notice of Motion
and Motion to Dismiss
Case No. 3:23-cv-01495-JSC

("CIPA") § 631(a), (vii) breach of contract, (viii) breach of implied contract (pled in the alternative), and (ix) violation of California's UCL.

## IV.   LEGAL STANDARD.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a claim suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (emphasis added) (quoting *Twombly* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678. If a court grants a Rule 12(b)(6) motion, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks and citations omitted).

## V.   ARGUMENT

### A.   Plaintiffs Cannot State a Claim for Violation of the Federal Wiretap Act Because Rite Aid Was a Party to the Communications (Sixth Claim).

The Federal Wiretap Act exempts from liability communications "where the interception is made by a 'party' to the communication or where a 'party' has consented to the interception." *In re Meta Pixel Healthcare Litigation*, -- F. Supp. 3d --, 2022 WL 1786218, at *12 (N.D. Cal. Dec. 22, 2022); 18 U.S.C. § 2511(2)(d).

Plaintiffs claim Rite Aid intercepted (or allowed Meta to intercept) communications sent to

*Holland & Knight LLP*
*560 Mission Street, Suite 1900*
*San Francisco, CA 94111*
*Tel: 415.743.6900*
*Fax: 415.745.6900*

Rite Aid must fail because Rite Aid was a party to those communications. Although Plaintiffs regularly flip-flop on whether their communications were disclosed, intercepted, or accessed by Rite Aid or Meta (*see infra* Section V(C)), Plaintiffs do not dispute Rite Aid was the intended recipient of those communications. *See, e.g.,* FAC ¶ 171 ("Neither Plaintiffs nor the Nationwide Class Members consented to Rite Aid's interception of, or to Rite Aid procuring Meta to intercept, *their electronic communications with Defendant* [i.e. Rite Aid] through Defendant's website") (emphasis added).

Even assuming Plaintiffs did not consent to Meta collecting their data, they allege that Rite Aid did. FAC ¶ 7 (Rite Aid "intentionally incorporated" the Meta Pixel "in its website source code or otherwise affirmatively permitted on its website."). And because the Wiretap Act is a one-party consent statute, "this means that whether or not plaintiff] consented, [Rite Aid] is exempt from liability" under the Federal Wiretap Act. *In re Meta Pixel Healthcare Litigation*, 2022 WL 1786218, at *12 (citing *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021)). This is fatal to Plaintiffs' claim under the Federal Wiretap Act.

## B.    Plaintiffs' CIPA Claim Must Be Dismissed (Fifth Claim).

Section 631(a) of CIPA makes three distinct and mutually independent patterns of conduct unlawful: (1) "'intentional wiretapping with any telegraph or telephone,' (2) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire,' and (3) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'" *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting *Tavernetti v. Super. Ct. of San Diego Cty.*, 22 Cal. 3d 187, 192 (Cal. 1978)).

Section 631(a) also includes a fourth basis for liability for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." *Id.* (quoting Cal. Penal Code § 634(a)). This is known as "derivative liability" under the statute. *See Martin v. Sephora USA, Inc.*, 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, *12 (E.D. Cal. Mar. 30, 2023).

Plaintiffs here allege violations of the second clause of § 631(a) based on a derivative theory of liability, and, while unclear, perhaps direct liability too. Both fail.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

**1.**   Plaintiffs cannot state a claim against Rite Aid for direct liability.

A "party to the communication is exempt from liability under CIPA." *Williams v. What If Holdings, LLC*, No. C 22-03780-WHA, 2022 WL 17869275, * 3 (N.D. Cal. Dec. 22, 2022); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (it cannot be "a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation.") (emphasis added); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (CIPA "section 631...has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").

To the extent Plaintiffs allege direct liability under CIPA against Rite Aid, that claim must be dismissed with prejudice. *Cody v. Boscov's Inc.*, No. 8:22-cv-01434-SSS-KK, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) ("under this well-established 'party exception', Plaintiff's claim that Defendant is directly liable for wiretapping fails and amendment would be futile.").

**2.**   Plaintiffs fail to plead facts sufficient to show that Rite Aid aided and abetted Meta's alleged wrongdoing.

The primary basis for Rite Aid's alleged violation of CIPA is that "[b]y embedding the Meta Pixel on and throughout its website," Rite Aid allegedly "aided, agreed with, or conspired with Meta, to permit Meta to intercept [Plaintiffs'] communications." *See* FAC ¶¶ 62, 192. Plaintiffs' claim against Rite Aid for derivative liability must fail. Plaintiffs do not allege facts to show that Meta violated CIPA or that Rite Aid actually aided and abetted any of Meta's alleged wrongdoings. Further, Plaintiffs do not meet the heightened pleading standard for aiding and abetting under the California Penal Code to show Rite Aid had the appropriate mens rea.

a.   Plaintiffs do not adequately plead that Meta committed wrongdoing to give rise to Rite Aid's liability for aiding and abetting under § 631(a).

Plaintiffs have not alleged that Meta used Plaintiffs' information for Meta's own purposes, which is necessary to state a claim for derivative liability under CIPA. Derivative liability requires the plaintiff to "provide facts suggesting that [the third party is] recording [or otherwise using] Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant." *Cody*, 2023 WL 2338302, at *2; *see also Graham v. Noom, Inc.*,

533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021) (plaintiff failed to state § 631(a) aiding and abetting claim where asserted no allegations that the third party "intercepted and used the data itself"). Plaintiffs here only allege that data collected via the Meta Pixel on Rite Aid's website <u>for Rite Aid's own use</u>. FAC ¶ 68 (alleging Rite Aid "disclosed Plaintiffs' and Class Members' Medical Information to Meta in order to permit [Rite Aid] to improve its marketing and advertising, in order to increase [Rite Aid's] revenues and profits]"). This is insufficient. *See Graham*, 553 F. Supp. 3d at 832-33; *see Martin*, 2023 WL 2717636, at *12 (plaintiff's failure to name alleged third-party interceptor described as "problematic" to CIPA aiding and abetting claim).

> b. <u>Plaintiffs fail to plead Rite Aid had the requisite mens rea to aid and abet.</u>

Further, Plaintiffs do not allege Rite Aid had the necessary mens rea to support their derivative CIPA claim. The CIPA lives in the California Penal Code, the primary set of statutes that define criminal offenses and criminal procedures under state law. *See* Cal. Penal Code §§ 1, 631. Within this framework, an aider and abettor of a crime is actually a "principal[] in any crime so committed." Cal. Penal Code § 31. As the California Supreme Court explained: "Proof of aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea—knowledge of direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the achievement of the crime." *People v. Perez*, 35 Cal. 4th 1219, 1225 (2005); *see also People v. Pacheco*, 76 Cal. App. 5th 118, 127 (2022) (citing same). Although CIPA provides for a private (civil) right of action under Penal Code § 637.2(a), there is no statutory exception (or case law) suggesting that Penal Code section 31 as applied in criminal cases does not extend to civil cases brought under CIPA's private right of action, or that the legal standard for aiding and abetting should be loosened for civil cases.[1]

---

[1] Even in the civil non-CIPA context, CACI No. 3610 specifies that a plaintiff must establish that the defendant gave "substantial assistance or encouragement" to the alleged wrongdoer, and that the defendant's conduct was a "substantial factor" in causing harm to the plaintiff. *Id.* "Mere knowledge that a wrongful act was [being/going to be] committed and the failure to prevent it do not constitute aiding and abetting." *Id.* In addition, a complaint must allege the aider and abettor had the specific intent to facilitate the wrongful conduct. *See Schulz v. Neovi*, 152 Cal. App. 4th 86, 95 (2007). Although Cal. Penal Code § 31 applies here as set forth, *supra*, Plaintiffs do not even meet the less

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

"There is no question that an aider and abettor must have criminal intent in order to be convicted of a criminal offense." *People v. Beeman*, 35 Cal.3d 547, 560 (1984). The California Supreme Court has further explained: "[A]n aider and abettor's mental state must be at least that required of the direct perpetrator." *People v. McCoy*, 25 Cal.4th 1111, 1118 (2001) (emphasis added); *see also People v. Vaughn*, 77 Cal. App. 5th 609, 625 (2022) (citing same). Moreover, aiding and abetting is a "specific intent" crime because it "refers to defendant's intent to do some future act or achieve some additional consequence." *People v. Laster*, 52 Cal. App. 4th 1450, 1468 (1997). For such crimes, "one may knowingly assist another to commit a crime, yet lack a specific intent that the crime be committed." *Id.* (citations omitted). "[A]n aider and abettor will 'share' the perpetrator's specific intent when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime." *Beeman,* 35 Cal.3d at 560. Finally, "[a]mong the factors which may be considered in making the determination of aiding and abetting are presence at the scene of the crime, companionship, and conduct before and after the offense." *In re Lynette G.*, 54 Cal. App. 3d 1087, 1094 (1976). Plaintiffs fail to plead any facts establishing the key aiding and abetting requirements under the Penal Code.

Plaintiffs merely conclude that Rite Aid "aided, agreed with, or conspired with Meta, to permit Meta to intercept these communications ..." FAC ¶ 192. This is a legal conclusion, not well-pleaded facts, and should be disregarded under *Iqbal*. 556 U.S. at 679. And, as Judge Davila has already recognized in a similar case against the American Cancer Society and others, health defendants "play[ed] no part in the exchange of data between Facebook and Plaintiffs." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 951 (N.D. Cal. 2017). Plaintiffs also admit that Meta was tracking users across the internet and without any assistance from Rite Aid. FAC ¶ 47. Further, Plaintiffs acknowledge that Rite Aid's only "intent" by allegedly installing the Meta Pixel was to "improve its own marketing and advertising, in order to increase [its] revenues and profits." FAC ¶ 68.

Because Plaintiffs do not state Meta violated § 631(a) or Rite Aid had the requisite mens rea to aid and abet in that violation, Plaintiffs' CIPA claim for derivative liability must be dismissed.

---

stringent elements required to support a civil non-CIPA aiding and abetting claim.

**3.** <u>Jane Doe I and II's CIPA Claims are barred by the statute of limitations.</u>

CIPA has a one-year statute of limitations. Cal. Code Civ. Proc. § 340(a); *Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 97-98 & fn.1 (1987). At least two Plaintiffs' claims arose well before that: (i) Jane Doe I booked her appointment in April 2021; and (ii) Jane Doe II booked her appointment in March 2021. FAC ¶¶ 103-106. Plaintiffs did not file the instant lawsuit until February 14, 2023—nearly a full year after the statute of limitations passed. Dkt. 1. Jane Doe I and Jane Doe II's claims are thus time-barred.

"[T]o rely on the discovery rule for delayed accrual of a cause of action, [a] plaintiff whose complaint shows on its face that his claim would be time-barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (Cal. 2005) (internal quotations omitted). Plaintiffs do not plead *any* facts as to the time and manner of their alleged discovery. Conclusions that the Pixel could not have been discovered until right before the complaint was filed (FAC ¶¶ 95-102) are simply insufficient to rely on a delayed accrual. What made the Pixel any more discoverable in 2023 than in 2021? Accordingly, each of Jane Doe I and Jane Doe II's CIPA claims must be dismissed.

**C.     Plaintiffs' Contradictory Claims About "Interception" Cannot Be Reconciled With Their Claim Communications Were "Disclosed."**

Plaintiffs' claims under the Federal Wiretap Act (sixth claim), CIPA (fifth claim), and CMIA (third and fourth claims) also fail due to Plaintiffs' contradictory allegations about whether their communications were "intercepted" or "disclosed." Their claims cannot be amended because Plaintiffs' statements are judicial admissions. *See Maloney v. Scottsdale Ins. Co*., 256 F. App'x 29, 31 (9th Cir. 2007) (finding that although Fed. R. Civ. P. 8(e)(2) "allow parties to plead inconsistent factual allegations in the alternative," "the inconsistent allegations in the instant complaint, however, were not pleaded in the alternative; they were expressly incorporated into each cause of action. Thus, the allegation of imperfect self-defense constitutes a judicial admission by appellants.").

To state a claim under the Federal Wiretap Act and CIPA, a plaintiff is required to plead with facts that their communication was "intercepted." 18 U.S.C. § 2511; Cal. Penal Code § 631 ("in transit

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

- 19 -

or passing over any wire, line, or cable"); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (for an electronic communication to be "intercepted," it must have been "acquired <u>during transmission</u>, not while it is in electronic storage."); *Mastel*, 549 F. Supp. 3d at 1137.[2]

On the other hand, to state a private action under CMIA § 56.101(a), a plaintiff must allege that the care provider "negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information." Cal. Civ. Code § 56.101(a). CMIA § 56.10 requires a plaintiff must allege the defendant "disclosed" the information. Cal. Civ. Code § 56.10. "Disclosure" in this context "refers to affirmative communicative acts—giving out medical information on a patient." *Sutter Health v. Super. Ct.*, 227 Cal. App. 4th 1546, 1554 (2014); *see Regents of Univ. of California v. Super. Ct.*, 220 Cal. App. 4th 549, 564 (2013), *as modified on denial of reh'g* (Nov. 13, 2013) ("Disclose" . . . is an active verb, denoting in the context of CMIA and the protections afforded confidential medical information an affirmative act of communication.").

Plaintiffs' FAC is filled with inconsistent allegations as to whether their information was "intercepted" in transit or "disclosed" after the fact, and if the former, *who* allegedly "intercepted" Plaintiffs' information—Rite Aid or Meta.  In support of Plaintiffs' wiretapping claims, they variously allege that Rite Aid "and/or" Meta "intercepted" their information. *See, e.g.*, FAC ¶ 169 ("By incorporating the Meta Pixel into its website . . . Rite Aid intercepted or endeavored to intercept Plaintiffs' and Nationwide Class Members' electronic communications and/or procured Meta to intercept or endeavor to intercept . . ."); *id.* ¶ 192 ("Defendant aided, agreed with, or conspired with Meta, to permit *Meta to intercept* these communications . . .") (emphasis added).

But, paragraphs later, Plaintiffs allege that Rite Aid "disclosed" their information — meaning "release[d], transfer[ed], provision of access to, or divulging in any manner of information outside the entity holding the information." FAC ¶ 176 (quoting 45 C.F.R. § 160.103); FAC ¶ 178 ("Rite Aid disclosed Plaintiffs' and Nationwide Class Members' PHI to Meta . . ."), ¶ 179 ("Rite Aid's disclosure of PHI to Meta . . ."); *see also* FAC ¶ 148 ("Rite Aid failed to *maintain, preserve, and store* Plaintiffs'

[2] In interpreting section 631 of CIPA, courts have generally construed it "as coextensive with the [Federal] Wiretap Act." *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1228 n.9 (C.D. Cal. 2017) (citing *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1033 (N.D. Cal. 2014)).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

and Class Members' medical information . . .") (emphasis added); FAC ¶ 155 ("Rite Aid *disclosed* medical information . . . to Meta").

Plaintiffs make the same contradictory allegations in support of their CIPA and CMIA claims. *Cf.* FAC ¶ 191 (Plaintiffs' CIPA claim: "no indication was given that their Medical Information would be *shared with* or viewed by any unauthorized third party") (emphasis added) *with* FAC ¶ 192 (Plaintiffs' CIPA claim: "Defendant aided, agreed with, or conspired with Meta, to permit *Meta to intercept* these communications . . .") (emphasis added).

Plaintiffs' failure to allege with supporting facts that their communications were "intercepted" by Meta before reaching Rite Aid is fatal to Plaintiffs' Federal Wiretap Act and CIPA claims. *See Alder v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435, at *3 (C.D. Cal. Aug. 2, 2021) (concluding plaintiffs' could not state a claim under Federal Wiretap Act's "intercepted" standard and CIPA's "in transit" standard because the third party could not access the contents of the text messages at issue until after they were received by the recipient) (citing *Konop v. Hawaiian Airlines, Inc*., 302 F.3d 868, 878 (9th Cir. 2002). These claims must be dismissed for this reason.

It is similarly fatal to Plaintiffs' CMIA claims that Plaintiffs do not adequately allege Rite Aid was in possession of the information in order to "maintain" it or "disclose" it to another person. *See Sutter Health v. Super. Ct*., 227 Cal. App. 4th 1546, 1555–56 (2014) ("disclosure occurs when the health care provider affirmatively shares medical information with another person or entity").

In other words, if the information was "intercepted" by Meta prior to Rite Aid possessing the information, Plaintiffs' CMIA claims fail as a matter of law. But, if Rite Aid possessed the information prior to "disclosing" it to Meta, Plaintiffs' Federal Wiretap Act and CIPA claims fail as a matter of law. Because Plaintiffs do not adequately allege how Meta received Plaintiffs' information—either interception or disclosure—requires these claims to be summarily dismissed.

### D.      The Court Should Dismiss Plaintiffs' Claims Under Cal. Civ. Code §§ 56.101 and 56.10 (Third and Fourth Claims).

Even if Plaintiffs could overcome their contradictory allegations admitting that communications were "intercepted," Plaintiffs' CMIA, §§ 56.101 and 56.10 still fail because

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

1    Plaintiffs do not allege facts showing that they provided confidential medical information to Rite Aid

2    or that Meta actually reviewed such information.

3         "Medical information" under CMIA means "any individually identifiable information, in

4    electronic or physical form, in possession of or derived from a provider of health care, health care

5    service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or

6    physical condition, or treatment." Cal. Civ. Code § 56.05(j).[3] In their complaint, Plaintiffs allege Rite

7    Aid is a provider of health care (FAC ¶ 148) and requested customers to fill out a form with their

8    name, address, and other contact information. FAC ¶¶ 27-29. These data elements do not qualify as

9    medical information under the statute, however, and thus cannot be the basis for any CMIA claim.

10   *See Wilson v. Rater8, LLC*, No. 20-CV-1515-DMS-LL, 2021 WL 4865930, at *4–5 (S.D. Cal. Oct.

11   18, 2021) (provider's alleged disclosure of plaintiff's name, cellular telephone number, treating

12   physician names, medical treatment appointment information, and medical treatment discharge dates

13   and times were not "medical information" under the statute); *Eisenhower Med. Ctr. v. Super. Ct.*, 226

14   Cal. App. 4th 430, 435 (2014) ("It is clear from the plain meaning of the statute that medical

15   information cannot mean just any patient-related information held by a health care provider, but must

16   ... include 'a patient's medical history, mental or physical condition, or treatment.' ").

17        Plaintiffs also allege that Rite Aid requested customers reply "yes," "no," or "don't know" to

18   certain questions regarding their vaccination history and other health issues. FAC ¶¶ 31-33. Accepting

19   for the sake of argument that affirmative answers to at least some such questions could be "medical

20   information" under the statute, Plaintiffs nevertheless fail to allege that *they* actually provided Rite

21   Aid with such information in response. FAC ¶ 31 ("Having provided his or her contact information,

22   the Class Member..."). More specifically, Plaintiffs do not allege that they actually responded "yes"

23   to any of these prompts. *Eisenhower Med. Ctr.*, 226 Cal. App. 4th at 434 ("To qualify as "medical

24   information" the information must be "substantive."). If Plaintiffs did not answer these questions or

25

---

26   [3] "'Individually identifiable' means that the medical information includes or contains any element of
     personal identifying information sufficient to allow identification of the individual, such as the
27   patient's name, address, electronic mail address, telephone number, or social security number, or
     other information that, alone or in combination with other publicly available information, reveals the
28   individual's identity." Cal. Civ. Code § 56.5(j).

Rite Aid Corporation's Notice of Motion                    Case No. 3:23-cv-01495-JSC
and Motion to Dismiss

responded "don't know," for example, Plaintiffs would not have sent Rite Aid information that conveys their "medical history, mental or physical condition, or treatment."

Similarly, Plaintiffs fail to plead facts sufficient to show that Meta "actually viewed" confidential information. *See Vigil v. Muir Med. Grp. IPA, Inc.*, 84 Cal. App. 5th 197, 219 (2022), *rev. denied* (Jan. 25, 2023) ("the mere ability of an unauthorized party to access information cannot support a claim under sections 56.101, subdivision (a)"). Plaintiffs do not state *any* facts supporting the conclusion that Meta reviewed their medical information—only that the information was disclosed to Meta. *See* FAC ¶¶12-15, 143-59.

Plaintiffs' CMIA claims must be dismissed with prejudice because they do not allege any medical information was actually disclosed or that Meta reviewed confidential information.

E.     **Plaintiffs' Invasion of Privacy Claims Should Be Dismissed (First and Second Claims).**

In their first and second claims, Plaintiffs allege that Rite Aid invaded Plaintiffs' reasonable expectation of privacy afforded to them by California's common law and the State Constitution. To state a claim for intrusion upon seclusion, a plaintiff must allege (1) an intentional intrusion, physical or otherwise, "upon the solitude or seclusion of another," (2) in a manner "highly offensive to a reasonable person." *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d at 1231 (citing *Deteresa v. Am. Broad. Companies, Inc.*, 121 F.3d 460, 465 (9th Cir. 1997). *See* Restatement (Second) of Torts § 652B. The right to privacy in the California Constitution sets standards similar to the common law tort. *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (Cal. 2009). A privacy claim under the Constitution requires a showing of: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest.[4]

Both Plaintiffs' claims for intrusion upon seclusion and violation of privacy under the California Constitution fail because (i) Plaintiffs did not have a reasonable expectation of privacy in

---

[4] "Because of the similarity of the tests, courts consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020)

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

1    their communications with Rite Aid; (ii) Rite Aid's conduct in was not highly offensive; and (iii)

2    Plaintiffs consented to Rite Aid receiving the communications.

3         **1.**    <u>Plaintiffs fail to show an invasion upon a reasonable privacy expectation.</u>

4         As to the first element, "the defendant must have 'penetrated some zone of physical or sensory

5    privacy . . . or obtained unwanted access to data' by electronic or other covert means, in violation of

6    the law or social norms." *Hernandez,* 47 Cal. 4th at 286-89. "In either instance, the expectation of

7    privacy must be 'objectively reasonableness of privacy expectations to such factors as (1) the identity

8    of the intruder, (2) the extent to which other persons had access to the subject place, and could see or

9    hear the plaintiff, and (3) the means by which the intrusion occurred." *Id. see also TBG Ins. Servs.*

10   *Corp. v. Super. Ct.*, 96 Cal. App. 4th 443, 450 (2002) (the "community norms" aspect of the

11   "reasonable expectation of privacy" element means that "the protection afforded to the plaintiff's

12   interest in his privacy must be relative to the customs of the time and place, to the occupation of the

13   plaintiff and to the habits of his neighbors and fellow citizens.").

14        Plaintiffs fail to state sufficient facts showing that it was objectively reasonable for Plaintiffs

15   to believe that Rite Aid was not monitoring Plaintiffs' communications with Rite Aid on Rite Aid's

16   own website. *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185,198 (N.D. Cal. 2019) (no

17   privacy interest where Google "only tracked and collected data during use of Google service"); *see*

18   *also Smith v. Facebook, Inc.*, 745 F. App'x 8, 8-9 (9th Cir. 2018) ("A reasonable person viewing

19   those disclosures would understand that Facebook maintains the practices of (a) collecting its users'

20   data from third-party sites and (b) later using the data for advertising purposes.").

21        It was also not reasonable for Plaintiffs to believe that their communications were private

22   when they were made over the open internet. *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC,

23   2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) ("And in California, courts have developed a

24   presumption that Internet communications do not reasonably give rise to that expectation."); *see also*

25   *Rodriguez  v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *7 (N.D. Cal. Jan. 25, 2022)

26   (explaining that plaintiffs "must plead unique, definite circumstances" to rebut California's

27   presumption against online confidentiality); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D.

28

1    Cal. 2014) (users had only a cognizable privacy interest in "sensitive," and "confidential" portions of

2    emails sent to Yahoo users, rather than in contents of emails broadly).

3         Plaintiffs' claim fails because it was not objectively reasonable for Plaintiffs to assume Rite

4    Aid was not tracking information provided to it on its own website or that Meta—who Plaintiffs admit

5    widely tracks its users and non-users—was not tracking Plaintiffs' information on the Rite Aid site.

6                    **2.**    <u>Plaintiffs fail to show that the invasion was highly offensive.</u>

7         "The California Constitution and the common law set a high bar for an invasion of privacy

8    claim." *See Low v. LinkedIn Corp*., 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). On the highly

9    offensive prong, "[r]elevant factors include the degree and setting of the intrusion, and the intruder's

10   motives and objectives.' " *Hernandez,* 47 Cal. 4th at 287 (internal citations omitted). "Plaintiffs must

11   show more than an intrusion upon reasonable privacy expectations. Actionable invasions of privacy

12   also must be 'highly offensive' to a reasonable person, and 'sufficiently serious' and unwarranted as

13   to constitute an 'egregious breach of the social norms.'" *Id.* at 295 (internal citation omitted).

14        Plaintiffs fail to meet the high bar required to show an intrusion was highly offensive or an

15   egregious breach of social norms. In support of this argument, Plaintiffs only rely on the allegation

16   that a class member "would have" answered "yes," "no," or "don't know" to several prompts and

17   those responses constitute "health information" under HIPAA. FAC ¶¶ 31-33, 103-11, 125, 135. But,

18   even assuming that a response to at least some such questions amounted to "health information,"

19   Plaintiffs fail to state that they actually replied to any such question. FAC ¶¶ 31-33. It is not highly

20   offensive or a breach of social norms to discover, e.g., that Plaintiffs' vaccine history is unknown.

21        Courts that have analyzed these issues have repeatedly held that data collection and disclosure

22   practices similar to many of those alleged here constitute "routine commercial behavior" and are thus

23   not a "highly offensive" or serious intrusion of privacy. *See id.* (disclosure of users' browser history

24   to third parties was not highly offensive); *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d 968,

25   988 (N.D. Cal. 2014) (same); *In re iPhone Application Litig*., 844 F. Supp. 2d 1040, 1060, 1063 (N.D.

26   Cal. 2012) (disclosures of unique device identification number, personal data, and geolocation

27   information without consent were not an egregious breach of social norms).

28

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

"Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *Low*, 900 F. Supp. 2d at 1025 (citing *in re iPhone Application Litig.*, 844 F. Supp. 2d at 1063; *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127–28 (N.D. Cal. 2008), *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010) (unpublished) (theft of a retail store's laptop containing personal information, including the social security numbers, of job applicants did not constitute an egregious breach of privacy); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (obtaining plaintiff's address without knowledge or permission to mail him coupons and other advertisements was not an egregious breach of social norms but instead routine commercial behavior). Plaintiffs allege the same commercial behavior occurred here. Rite Aid tracked Plaintiffs' information on its own website. And, although Plaintiffs allude to the general fact that Rite Aid could have used that information for marketing purposes, no specific facts are alleged. Even so this would nonetheless be routine commercial behavior and not highly offensive.

### 3.    Plaintiffs consented to Rite Aid's "intrusion."

Plaintiffs' claim of intrusion upon seclusion fails because Rite Aid did not obtain access to Plaintiffs' data against their wishes. In fact, Plaintiffs allege that they willingly provided Rite Aid with their information. FAC ¶¶ 36-46. Plaintiffs' consent to Rite Aid procuring the information is a complete defense to Plaintiffs' invasion of privacy claims. *See Baugh v. CBS, Inc.,* 828 F. Supp. 745, 757 (N.D. Cal. 1993) (consent is an absolute defense, "even if improperly induced"). Because Plaintiffs concede they intended to share their information with Rite Aid, there can be no intrusion by Rite Aid.

Plaintiffs' claims for invasion of privacy fails because (i) it was not objectively reasonable for Plaintiffs to believe their internet communications were "secure," (ii) Plaintiffs do not allege an egregious breach of social norms, and (iii) Rite Aid did not "intrude" on Plaintiffs' communication.

### F.    **Plaintiffs' Breach of Express Contract (Seventh Claim) And Breach of Implied Contract (Eighth Claim) Claims Should Be Dismissed.**

In Plaintiffs' seventh claim for relief, they allege that that Rite Aid's Notice of Privacy Practices is a contract between the parties, which Rite Aid breached by disclosing information to Meta or, perhaps, using such information for Rite Aid's own marketing purposes. FAC ¶ 200.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

In order to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract with defendants, (2) her performance under that contract, (3) that the defendants breached that contract, and (4) that she suffered appreciable and actual damages as a result of defendants' breach. *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d at 610 (*citing Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)); *Yunker v. Pandora Media, Inc.*, No. 11-cv-03113 JSW, 2013 WL 1282980, at *13 (N.D. Cal. Mar. 26, 2013) (*citing Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000). To plead the existence of a contract, mutual assent and consideration are required. Cal. Civ. Code § 1550. "Consideration is present when the promisee confers a benefit or suffers a prejudice. Although 'either alone is sufficient to constitute consideration,' the benefit or prejudice' " '*must actually be bargained for* as the exchange for the promise.' " 'Put another way, *the benefit or prejudice must have induced the promisor's promise*.' It is established that 'the compromise of disputes or claims asserted in good faith constitutes consideration for a new promise.' " *California SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018) (internal citations omitted) (emphasis added).

"An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." *Castillo v. Seagate Tech*., LLC, No. 16-CV-01958-RS, 2016 WL 9280242, at *8 (N.D. Cal. Sept. 14, 2016) (citations omitted); *see Rose v. County of San Benito*, 77 Cal. App. 5th 688, 714 (2022) ("a contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise *have not been expressed in words*.") (Internal quotations omitted) (emphasis added); Even then, "a consistent course of conduct does not imply contractual entitlement absent evidence of the requisite intent." *Rose*, 77 Cal. App. 5th 688, 717 (2022), *rev. den.* (July 13, 2022).

As an initial matter, Plaintiffs do not allege facts showing offer and acceptance to agreed terms. *See Guzman v. Bridgepoint Edu., Inc.*, No. 11cv69WQH (WVG), 2011 WL 4964970, at *3 (S.D. Cal. Oct. 19, 2011) (dismissing breach of contract claim for failure to allege sufficient facts to show a meeting of the minds or mutual intent to contract.); *Stanford Health Care v. Blue Cross Blue*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

1  *Shield of N.C., Inc*., No. 21-cv-04598-BLF, 2022 WL 195847, at *6-7 (N.D. Cal. Jan. 21, 2022)

2  (dismissing breach of implied contract claim for failure to allege mutual assent).

3    Second, Rite Aid's Notice of Privacy Practices is not an enforceable contract. Multiple courts

4  have held that a Notice of Privacy Practices is mandated by HIPAA; accordingly, this Notice is not a

5  bargained-for contract. *See In re Maple*, 434 B.R. 363, 371 (E.D. Va. 2010); *Thornton v. Statcare,*

6  *PLLC*, 988 So.2d 387, 392 (Miss. App. 2008); *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F.

7  Supp. 3d 1359, 1367–69 (S.D. Fla. 2017); *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-

8  DCN, 2020 WL 3620025, at *14 (D.S.C. July 2, 2020).

9    Third, Plaintiffs fail to allege what the terms of the supposed contract were or what term was

10  allegedly breached by Rite Aid. *See Young v. Facebook, Inc*., 790 F. Supp. 2d 1110, 1117 (N.D. Cal.

11  2011) (dismissing contract claim where plaintiff failed to "allege the specific provisions in the

12  contract creating the obligation the defendant is said to have breached"). In support of their breach of

13  implied contract, Plaintiffs only conclude that there was an "obligation" for Rite Aid not to disclose

14  Plaintiffs' information without consent. FAC ¶ 210. And, "Defendant breached these implied

15  contracts by disclosing Plaintiffs' and Class Members' Medical Information to Meta." FAC ¶ 211.

16  This is insufficient. *See Young v. Facebook, Inc*., 790 F. Supp. 2d at 1117.

17    Finally, the damages Plaintiffs seek are not recoverable in contract. California courts routinely

18  hold that "damages based on the collection and dissemination of personal information are insufficient

19  to state a claim for breach of contract." *Yunker*, 2013 WL 1282980 at *13; *Low*, 900 F. Supp. 2d at

20  1028-29 ("unauthorized collection of personal information does not create an economic loss"); *In re*

21  *Facebook Litig.*, 791 F. Supp. 2d. 705, 717 (N.D. Cal. 2011); *see also Hameed-Bolden v. Forever 21*

22  *Retail, Inc.*, No. CV 18-03019-SJO-JPR, 2018 WL 6802818, at *3 (C.D. Cal. Oct. 1, 2018)

23  (explaining "[a] plaintiff must plead 'appreciable and actual damages' in relation to their breach of

24  contract claim.") (citation omitted). At most, Plaintiffs allege that putative class members (but not

25  Plaintiffs) may have received targeted ads from Rite Aid, which is not an actual injury compensable

26  under a contract theory. Plaintiffs also fail to allege "appreciable and actual damage," as required by

27  courts in the Ninth Circuit. *Low*, 900 F. Supp. 2d 1010, 1029 (N.D. Cal. 2012) (citing *Aguilera v.*

28  *Pirelli Armstrong Tire Corp*., 223 F.3d 1010, 1015 (9th Cir. 2000); *Ruiz v. Gap, Inc.*, 622 F. Supp.

2d 908, 917 (N.D. Cal. 2009), *aff'd,* 380 F. App'x 689 (9th Cir. 2010) ("[N]ominal damages, like speculative harm or fear of future harm, would not suffice to show legally cognizable damage under California contract law."). Plaintiffs' breach of contract claim should be dismissed with prejudice.

### G.   Plaintiffs Do Not Allege Facts to Support Their Claim for Violation of Business & Professions Code §§ 17200 *et seq.* (Ninth Claim).

Plaintiffs' ninth claim for violation of the UCL fails because Plaintiffs do not have standing and Rite Aid did not act unlawfully, unfairly, or fraudulently. *See* Cal. Bus. & Prof. Code § 17200. "The UCL bars 'unfair competition' and defines the term as a 'business act or practice' that is (1) 'fraudulent,' (2) 'unlawful,' or (3) 'unfair.' Each is its own independent ground for liability under the unfair competition law, but their unifying and underlying purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Sanchez v. Nurture, Inc.*, No. 5:21-CV-08566-EJD, 2022 WL 4097337, at *3 (N.D. Cal. Sept. 7, 2022), reh'g denied (Sept. 27, 2022) (quotation marks and citations omitted).

#### 1.   Plaintiffs do not have standing to bring their UCL claim because they were not harmed as a result of Rite Aid's "misrepresentations."

To have standing under the UCL, a plaintiff must demonstrate that he or she "suffered an injury in fact and [ ] lost money or property *as a result* of the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added); Although the UCL does not define the meaning of the phrase "as a result of" [*see In re Tobacco II Cases*, 46 Cal.4th 298, 325 (Cal. 2009)], "California courts have held that when the 'unfair competition' underlying a plaintiff's UCL claim consists of a defendant's misrepresentation, a plaintiff must have actually relied on the misrepresentation, and suffered economic injury as a result of that reliance, in order to have standing to sue." *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1013 (N.D. Cal. 2013).

Courts have extended this actual-reliance requirement to claims under the unlawful prong of the UCL when the predicate unlawful conduct is based on an alleged misrepresentation. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010). "[T]he actual reliance requirement also applies to claims under the UCL's unfair prong to the extent such claims are based on fraudulent conduct." *See Kane v. Chobani, Inc*., No. 12–cv-02425, 2013 WL 5289253, at *6 (N.D. Cal. Sept.

- 29 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

19, 2013). A mere factual nexus causation between a defendant's conduct and the plaintiff's injury is not enough to support a UCL claim. *Id.* at 1362–63 (citing *in re Tobacco II Cases*, 46 Cal.4th at 325).

Plaintiffs allege Rite Aid violated the UCL because it acted unlawfully, unfairly, and fraudulently. Each of these violations is predicated on the same behavior: Rite Aid's alleged misrepresentations and omissions concerning data collection and use. *See* FAC ¶¶ 218, 220, 221, 223. Plaintiffs, however, fail to allege that they read Rite Aid's Notice of Privacy Practices before they made their vaccination appointments or otherwise plead facts of reliance on Rite Aid's allegedly fraudulent conduct. Plaintiffs only allege that the Notice of Privacy Practices contains representations about how Rite Aid stores and uses covered information. FAC ¶¶ 37-41. Plaintiffs allege that Rite Aid "would have" asked putative class members a series of questions and they "would have" selected "yes," "no," or "don't know." FAC ¶¶ 27-34. It was not until after they filled in this information that putative class members "could have" confirmed their appointment. FAC ¶ 34. It was on this screen that consumers "could have" opened the hyperlink to the Notice of Privacy Practices. *Id.* There is no allegation that any of the Plaintiffs in fact read that Notice prior to booking their appointment. It follows that without reading the Notice of Privacy Practices, Plaintiffs could not have relied upon any of these statements when they decided to book their vaccination appointments. FAC ¶¶ 28-34. Thus, no harm was caused "as a result" of Rite Aid's statements and actions contained in this notice.

Further, Plaintiffs fail to state any facts supporting they incurred a "harm" to support a UCL claim. Instead, they conclude that they "suffered injury in fact and lost money or property" because a "portion of any money" they paid "went to fulfill [Rite Aid's] obligations with respect to confidentiality and security." FAC ¶¶ 224, 225 (alleging they "paid more" than they otherwise would have). The problem is: Plaintiffs do not state facts supporting they paid anything at all.[5] This cannot support a "benefit of the bargain" damages plea. *See Svenson v. Google, Inc.*, No. Case No. 13–cv–

---

[5] To the extent Plaintiffs allege they received COVID-19 vaccinations, it is common knowledge that those vaccines were at no cost to consumers. *See* 42 U.S.C. § 300gg-13 ("shall not impose cost sharing requirements for . . . immunizations that have in effect a recommendation from the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention with respect to the individual involved"); "ACIP Vaccine Recommendations and Guidelines," Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/hcp/acip-recs/index.html#print (last visited Apr. 26, 2023) (listing COVID-19). The Court can take judicial notice of that fact. Fed. R. Evid. 201(b); *see People of State of Cal. v. Coast Federal Sav. & Loan Ass'n*, 98 F. Supp. 311 (S.D. Cal. 1951) ("rules and regulations have the force and effect of law, and are noticed judicially").

1   04080–BLF, 2015 WL 1503429, *8 (N.D. Cal. Apr. 1, 2015) (requiring factual allegations that

2   plaintiff paid for the services that caused her harm).

3        Plaintiffs' UCL claim also fails because they fail to allege lack of an adequate legal remedy

4   and seek such damages in their complaint. *See Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 843–

5   44 (9th Cir. 2020); *In re Macbook Keyboard Litigation*, No 5:18-cv-02813-EJD, 2020 WL 6047253,

6   at *4 (N.D. Cal. Oct. 13, 2020) (dismissing injunction and restitution claims under the UCL because

7   plaintiff failed to allege lack of an adequate legal remedy as required under *Sonner*).

8        Plaintiffs do not have standing to assert their UCL claim, and their claim must be dismissed.

9                        **2.**    Rite Aid did not act fraudulently.

10       The UCL's "fraudulent prong" requires establishing a defendant's practices would mislead a

11  reasonable consumer. *Sanchez v. Nurture, Inc*., No. 5:21-CV-08566-EJD, 2022 WL 4097337, at *7

12  (N.D. Cal. Sept. 7, 2022), *reh'g denied* (Sept. 27, 2022). Plaintiffs, however, do not identify the

13  statements they claim were false or misleading. *See* FAC ¶ 223. That failure is fatal to Plaintiffs'

14  claim under the fraud prong of the UCL. *See In re Actimmune Mktg. Litig*., No. C 08-02376 MHP,

15  2009 WL 3740648, at *10 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 F. App'x 651 (9th Cir. 2011) ("By

16  presenting specific allegations of false statements made by defendants, plaintiffs have complied with

17  the court's initial order dismissing the FAC."). Plaintiffs further do not allege they were actually

18  misled or that a reasonable consumer would be misled by these unidentified statements. *See supra*

19  Section E(1). For these reasons, a UCL claim under the fraudulent prong fail and should be dismissed

20  with prejudice.

21                       **3.**    Rite Aid did not act unlawfully.

22        "[T]he UCL 'borrows' violations of other laws and treats them as independently actionable."

23  *Penermon v. Wells Fargo Bank, N.A*., 47 F. Supp. 3d 982, 1002 (N.D. Cal. 2014). Plaintiffs'

24  allegation that Rite Aid acted "unlawfully" is premised on their insufficient statutory and common

25  law claims. FAC ¶ 218. The success of Plaintiffs' "unlawful" UCL claim is contingent on the success

26  of these other claims, and because those fail, a UCL claim on "unlawful" ground similarly must fail.

27  *See Aleksick v. 7-Eleven, Inc*., 140 Cal. Rptr. 3d 796, 801 (2012) ("[w]hen a statutory claim fails, a

28  derivative UCL claim also fails.").

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

**4.** Rite Aid did not act unfairly.

"A business practice violates the unfair prong of the UCL if it is contrary to 'established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.'" *Backhaut v. Apple, Inc*., 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (citing *McKell v. Wash. Mut., Inc*., 142 Cal. App. 4th 1457, 1473 (2006)). There are at least two tests for determining "unfairness": the "tethering test" and the "balancing test." *See Herskowitz v. Apple, Inc.,* 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013). Plaintiffs' allegations do not pass muster under either.

Under "tethering test," "the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n,* 182 Cal. App. 4th 247, 257 (2010). Plaintiffs attempt to tie their claim to a "strong public policy interest," but fail to identify where this interest is located within *specific* constitutional, statutory, or regulatory provisions. FAC ¶ 220. *Cf. Backhaut*, 74 F. Supp. 3d at 1053 ("unfair" UCL claim based on successfully pled violation of the Wiretap Act).

Under the "balancing test," a business practice is unfair "if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell,* 142 Cal. App. 4th at 1473. Where the claim "sound[s] entirely in fraud, [Plaintiffs'] must satisfy Rule 9(b)'s pleading requirement[.]" *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *14. Plaintiffs, however, do not plead specific facts supporting their conclusory allegation that Rite Aid "secretly disclosed, released, and otherwise misused" Plaintiffs' information. FAC ¶ 221; *Backhaut*, 74 F. Supp. 3d at 1053 (applying heightened pleading standard for UCL claims based on fraudulent conduct). Without the specific who, what, where, when, and why facts supporting this conclusory statement, Plaintiffs cannot state a claim under the unfairness prong of the UCL.

## VI.   CONCLUSION.

For all the reasons discussed herein, Rite Aid respectfully request that this Court grant its Motion to Dismiss and deny Plaintiffs leave to amend.

/ /

/ /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.745.6900

Respectfully submitted,

Dated:  April 26, 2023                      HOLLAND & KNIGHT LLP


_____*s/ Ashley Shively*_____
Ashley L. Shively
Jacqueline N. Harvey
560 Mission Street, 19th Floor
San Francisco, CA  94105
T 415.743.6900 | F 415.743.6951

*Attorneys for Defendant Rite Aid Corporation*

Rite Aid Corporation's Notice of Motion                    Case No. 3:23-cv-01495-JSC
and Motion to Dismiss